IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELTON PETROLEUM, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>GPM INVESTMENTS, L.L.C., a Delaware limited liabilty company,<br><br>        Defendant. | C.A. No. 07-00760-JJF |

## ANSWER & COUNTERCLAIMS OF
## DEFENDANT GPM INVESTMENTS, L.L.C.

Defendant, GPM Investments, L.L.C. ("GPM"), by and through its undersigned counsel, hereby answers plaintiff Felton Petroleum, Inc. ("Plaintiff" or "Felton") Complaint as follows:

1. GPM admits the allegations contained in Paragraph 1.

2. GPM admits the allegations contained in Paragraph 2.

3. The allegations of Paragraph 3 call for a legal conclusion to which no answer is required. To the extent a response is required, GPM admits that this Court has jurisdiction pursuant to 15 U.S.C. § 2805, but denies that the Court has subject matter jurisdiction over this action to the extent Plaintiff's allegations are based upon the law of the State of Delaware.

4. GPM admits the allegations contained in Paragraph 4.

5. The allegations of Paragraph 5 call for a legal conclusion to which no answer is required. To the extent a response is required, GPM denies that the Court has

subject matter jurisdiction over this action to the extent Plaintiff's allegations are based upon the law of the State of Delaware. To the extent this Court may have subject matter jurisdiction over the state law claims, GPM respectfully requests that this Court decline to exercise such jurisdiction as set forth in 28 U.S.C. § 1367(c).

6. The allegations of Paragraph 6 call for a legal conclusion to which no answer is required.

7. GPM admits that Plaintiff has brought this action for injunctive relief, and GPM further admits that GPM leases a retail gas station (and supplies motor fuel) to Plaintiff. GPM states that the terms of the Lease (as that term is defined in the complaint) and the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq. (the "PMPA"), speak for themselves and GPM respectfully refers the Court to that document and statute for their contents. GPM denies the remaining allegations in Paragraph 7.

8. GPM admits that Plaintiff is seeking the relief stated in Paragraph 8, but denies that Plaintiff's franchise is being terminated. Rather, GPM avers that Plaintiff's franchise is not being renewed.

9. GPM admits that the Premises contains a convenience store and sold approximately 683,000 gallons of fuel through October 31, 2007. Upon information and belief, GPM admits that it is familiar with a "Business Sales and Purchase Agreement" between Fayyad K. Abdallah and Samir Patel dated August 29, 2006 whereby Mr. Patel agreed to purchase the business located at 12984 South Dupont Highway, Felton, Delaware, which purchase involved, inter alia, the assignment of the Lease with approximately one year remaining on its term. GPM denies that Plaintiff has increased gasoline sales above those of the previous operator. Rather, GPM avers that Plaintiff's

gasoline sales in 2007 at the BP Station have decreased by over 171,000 gallons from the gasoline sales at the BP Station over the same period in 2006, when it was operated by the previous operator. GPM further denies that Felton has operated its franchise in an exemplary manner.

10. GPM states that the terms of the Lease speak for themselves and GPM respectfully refers the Court to that document for its contents. GPM further states that the Lease Agreement attached as Exhibit "A" to the Complaint is the document Plaintiff describes. GPM denies the remaining allegations in Paragraph 10.

11. GPM admits the allegations contained in Paragraph 11.

12. Upon information and belief, GPM admits the allegations contained in Paragraph 12.

13. GPM admits the allegations contained in Paragraph 13.

14. GPM does not have information sufficient to answer the allegations contained in Paragraph 14. To the extent a response is required, the allegations in Paragraph 14 are denied.

15. GPM states that a response regarding the effects of the PMPA calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the PMPA speak for themselves, and GPM respectfully refers the Court to its contents. Upon information and belief, GPM admits that it is familiar with a "Business Sales and Purchase Agreement" between Fayyad K. Abdallah and Samir Patel dated August 29, 2006 whereby Mr. Patel agreed to purchase the business located at 12984 South Dupont Highway, Felton, Delaware, which purchase

involved, <u>inter alia</u>, the assignment of the Lease with approximately one year remaining on its term. The remaining allegations in Paragraph 15 are denied.

16. GPM admits that it has assumed the rights and obligations under the Lease Agreement as lessor, but denies the remaining allegations in Paragraph 16.

17. GPM does not have sufficient information in which to answer the allegation regarding the timing of Plaintiff's purchase of his business. To the extent an answer is required, GPM denies the same. GPM further states that the terms of the letter attached to the complaint as Exhibit "D" speak for themselves and GPM respectfully refers the Court to that document for its contents.

18. GPM admits that the current rent for the Premises under the Lease is $8,472.71 per month or $101,672.52. GPM denies the remaining allegations in Paragraph 18.

19. GPM denies the allegations contained in Paragraph 19.

20. GPM admits that Max Loper works for Defendant GPM as alleged in Paragraph 20. GPM is without sufficient knowledge and information to answer the balance of the allegations in Paragraph 20, but to the extent is a response is required, GPM denies the same.

21. GPM admits that Mr. Patel spoke with Mr. Loper on September 7, 2007, and that in that conversation, Mr. Patel requested Mr. Loper's assistance with finding a compromise on the rent increase. GPM further admits that Mr. Loper suggested that Mr. Patel might be ale to take over a different GPM gas station. GPM denies that Mr. Loper stated that the rent increase was based upon the current market value of the real estate. Rather, GPM avers that Mr. Loper told Mr. Patel that the rent increase was based upon

the rent that GPM is currently paying to its landlord for the Premises. GPM further denies the remaining allegations in Paragraph 21.

22. GPM is without sufficient knowledge and information as to whether Mr. Patel left a message for Mr. Loper on September 10, 2007. GPM avers that between September 7 and September 13, 2007, Mr. Loper attempted to contact Mr. Patel on at least two occasions, and, in fact, did speak with him again on September 13, 2007.

23. GPM is without sufficient knowledge and information as to whether Mr. Patel left a message for Mr. Loper on September 11, 2007. GPM avers that between September 7 and September 13, 2007, Mr. Loper attempted to contact Mr. Patel on at least two occasions, and, in fact, did speak with him again on September 13, 2007.

24. GPM is without sufficient knowledge and information as to whether Mr. Patel left a message for Mr. Loper on September 12, 2007. GPM avers that between September 7 and September 13, 2007, Mr. Loper attempted to contact Mr. Patel on at least two occasions, and, in fact, did speak with him again on September 13, 2007.

25. GPM is without sufficient knowledge and information as to whether Mr. Patel left a message for Mr. Loper on September 13, 2007. GPM admits, however, that Mr. Loper did call Mr. Patel on September 13, 2007, and GPM further admits that Mr. Loper told Mr. Patel that there was nothing that Mr. Loper could personally do with regard to the rent increase and that Mr. Patel could possibly take over a station at a different location. GPM denies that Mr. Loper told Mr. Patel that the rent increase was based upon the market value of the real estate. Rather, GPM avers that Mr. Loper told Mr. Patel that the rent increase was based upon the rent GPM was paying for the

Premises, which was based on the value of the property being $2,000,000.00. GPM denies the remaining allegations contained in Paragraph 25.

26. GPM is without sufficient knowledge and information as to whether Mr. Patel left a message for Mr. Loper on September 17, 2007. To the extent an answer is required, GPM denies the allegations contained in Paragraph 26.

27. GPM admits that Mr. Loper called Mr. Patel on September 18, 2007 as alleged in Paragraph 27, and that Mr. Loper told Mr. Patel that GPM needed a written commitment regarding whether Mr. Patel intended to accept the rent increase. GPM further admits that Mr. Patel asked Mr. Loper for copies of the appraisals or comparables that GPM was using to value the real estate, but denies that Mr. Loper said he could not provide him with that information. Rather, GPM avers that Mr. Loper told Mr. Patel that he personally did not have appraisals or comparables. GPM denies the remaining allegations contained in Paragraph 27.

28. GPM admits that Mr. Patel and Mr. Loper spoke on September 27, 2007 and that in that conversation Mr. Loper reiterated GPM's rent increase terms and that Mr. Loper stated that Felton could take over a gas station in a different location in Delaware instead. GPM further admits that Mr. Loper told Mr. Patel that Mr. Patel had until 5:00 p.m. on September 28, 2007 to decide whether to accept the new terms before GPM would serve a Notice of Termination on October 1, 2007. GPM denies the remaining allegations contained in Paragraph 28.

29. GPM admits that Mr. Patel sent a letter to GPM on September 28, 2007 as evidenced by Exhibit "F" to Plaintiff's complaint in which he purports to reiterate his conversations with Mr. Loper and request a meeting with a representative of GPM, but

respectfully refers the Court to such letter for the accuracy of its contents. GPM denies the allegation that the contents of the letter accurately reflect the conversations between Mr. Loper and Mr. Patel to the extent they are inconsistent with the answers as set forth above.

30. GPM denies that it received the notice as alleged in Paragraph 30. Rather, GPM avers that it sent a Notice of Termination of Franchise to Felton dated September 27, 2007 and hand delivered to Felton the same day, and respectfully refers the Court to such Notice of Termination for the accuracy of its contents.

31. GPM admits that Plaintiff, through its legal counsel, sent a letter to GPM on October 3, 2007, but avers that such letter was sent pursuant to Rule 408 of the Delaware Uniform Rules of Evidence such that nothing contained therein is admissible in any judicial or other proceeding – including this action. Thus, GPM requests that the allegations contained in Paragraph 31 be disregarded in their entirety by the Court.

32. GPM admits that it agreed to a meeting in Mechanicsville, Virginia, as alleged in Paragraph 32, but denies Plaintiff's characterization of the number of requests made for such a meeting or the nature of GPM's agreement to have this meeting. GPM denies that the meeting was scheduled for October 2, 2007. Rather, GPM avers that the meeting referred to in Paragraph 32 occurred on November 2, 2007. GPM denies the remaining allegations contained in Paragraph 32.

33. GPM admits that at the afore-mentioned meeting, GPM's representatives said that they would not reconsider the rent increase. GPM denies that its representatives said that the proposed rent increase was based upon their estimation of the market value of the BP Station's real estate and a ten percent rate of return. GPM further denies that it

had purchased the Premises from GLeS, Inc. Rather, GPM avers that its representatives explained that the rent increase was due to the amount of rent that GPM was paying for the Premises. GPM denies the remaining allegations contained in Paragraph 33.

34. GPM admits the allegations contained in Paragraph 34 that it proposed that Plaintiff take over two gas stations in Delaware. GPM states that a response regarding the requirements of the PMPA calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the PMPA speak for themselves, and GPM respectfully refers the Court to its contents. The remaining allegations in Paragraph 34 are denied.

35. GPM denies the allegations contained in Paragraph 35.

36. GPM admits that Felton sent a letter on November 16, 2007 and respectfully refers the Court to such letter for its contents. GPM denies the remaining allegations in Paragraph 36.

37. GPM does not have information sufficient to answer the allegations contained in Paragraph 37, but notes that Felton filed its complaint 10 days after November 16, 2007, i.e., November 26, 2007.

## COUNT I

38. GPM admits that Plaintiff has made the allegations as set forth in Paragraph 38, and restates its own answers as set forth in Paragraphs 1 through 37 above, as if fully set forth herein.

39. The allegations of Paragraph 39 call for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the

PMPA speak for themselves and respectfully refers the Court to that statute for its contents.

40. GPM states that a response regarding the purpose of the PMPA as alleged in Paragraph 40 calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms and legislative history of the PMPA speak for themselves, and GPM respectfully refers the Court to their contents.

41. GPM states that a response regarding the standard for the issuance of a preliminary injunction in the PMPA as alleged in Paragraph 41 calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the PMPA speak for themselves, and GPM respectfully refers the Court to their contents. GPM denies the remaining allegations in Paragraph 41.

42. GPM states that a response regarding the standards by which a franchisor may terminate or fail to renew a franchise as set forth in the PMPA as alleged in Paragraph 42 calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the PMPA speak for themselves, and GPM respectfully refers the Court to their contents.

43. GPM admits that Plaintiff has accurately quoted Section 2802(b)(3)(A) of the PMPA, but states that a response regarding the standards by which a franchisor may terminate or fail to renew a franchise as set forth in the PMPA as alleged in Paragraph 43 calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the PMPA speak for themselves, and GPM respectfully refers the Court to their contents.

44. GPM denies the allegations contained in Paragraph 44.

45. GPM denies the allegations contained in Paragraph 45.

46. GPM denies the allegations contained in Paragraph 46.

47. GPM admits that it did not conduct an appraisal of the Premises. The remaining allegations in Paragraph 47 are denied.

48. GPM denies the allegations contained in Paragraph 48.

## COUNT II

49. GPM admits that Plaintiff has made the allegations as set forth in Paragraph 49, and restates its own answers as set forth in Paragraphs 1 through 48 above, as if fully set forth herein.

50. The allegations of Paragraph 50 call for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the Delaware Franchise Security Law speak for themselves and respectfully refers the Court to that statute for its contents.

51. GPM states that a response regarding the purpose of the Delaware Franchise Security Law as alleged in Paragraph 51 calls for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the Delaware Franchise Security Law speak for themselves, and GPM respectfully refers the Court to its contents.

52. GPM denies the allegations contained in Paragraph 52.

53. GPM denies the allegations contained in Paragraph 53.

54. GPM denies the allegations contained in Paragraph 54.

## COUNT III

55. GPM admits that Plaintiff has made the allegations as set forth in Paragraph 55, and restates its own answers as set forth in Paragraphs 1 through 54 above, as if fully set forth herein.

56. GPM denies the allegations contained in Paragraph 56.

57. GPM denies the allegations contained in Paragraph 57.

58. GPM states that it is without sufficient knowledge and information in which to answer the allegations contained in Paragraph 58. To the extent an answer is required, GPM denies the same.

## COUNT IV

59. GPM admits that Plaintiff has made the allegations as set forth in Paragraph 59, and restates its own answers as set forth in Paragraphs 1 through 58 above, as if fully set forth herein.

60. GPM denies the allegations contained in Paragraph 60.

61. GPM denies the allegations contained in Paragraph 61.

## COUNT V

62. GPM admits that Plaintiff has made the allegations as set forth in Paragraph 62, and restates its own answers as set forth in Paragraphs 1 through 61 above, as if fully set forth herein.

63. GPM denies the allegations contained in Paragraph 63.

64. GPM denies the allegations contained in Paragraph 64.

65. The allegations of Paragraph 65 call for a legal conclusion to which no answer is required. To the extent a response is required, GPM states that the terms of the

Delaware Franchise Security Law speak for themselves and respectfully refers the Court to that statute for its contents. GPM denies the remaining allegations contained in Paragraph 65.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

#### Second Affirmative Defense

Plaintiff fails to state claims upon which relief can be granted.

#### Third Affirmative Defense

Plaintiff's claims must be dismissed because GPM complied with the notification requirements of Section 2804 of the PMPA when it did not renew Plaintiff's franchise.

#### Fourth Affirmative Defense

Plaintiff's claims must be dismissed because GPM acted in good faith when it did not renew Plaintiff's franchise.

#### Fifth Affirmative Defense

Plaintiff's claims must be dismissed because GPM acted in the normal course of its business when it did not renewed Plaintiff's franchise.

#### Sixth Affirmative Defense

Plaintiff's claims must be dismissed because GPM did not non-renew Plaintiff's franchise for the purpose of converting the Premises to operation by GPM's employees or agents.

#### Seventh Affirmative Defense

Plaintiff's claims must be dismissed because Plaintiff has not sustained any damages or harm as a result of the actions or inactions of GPM.

**Eighth Affirmative Defense**

Plaintiff's claims under the Delaware Franchise Security Law, the state common law of duty to act in good faith, and its request for declaratory judgment to the extent based upon state law are each and all preempted by the PMPA, and thus must be dismissed by this Court.

**Ninth Affirmative Defense**

Plaintiff's prayer for attorneys' fees must be dismissed as GPM did not act fraudulently, or with malice, or in any other manner to justify such an award.

**Tenth Affirmative Defense**

GPM will suffer harm if Plaintiff's request for injunctive relief were to issue, while Plaintiff will suffer no harm if injunctive relief is denied.

**Eleventh Affirmative Defense**

GPM hereby reserves its rights to amend its Answer and assert all such defenses that may become available or apparent during pretrial or trial proceedings in this action.

**COUNTERCLAIMS**

1.     On or about December 1, 2004, GLeS, Inc., a Delaware corporation, executed a Retail Gas Station Lease Agreement (the "Lease"), between itself and Fayyad Ahdallah T/A Felton BP. A true and correct copy of the Lease is attached to Plaintiff's complaint as Exhibit "A." Upon information and belief, in December 2006, Fayyad Ahdallah T/A Felton BP assigned all its right, title and interest in the Lease and supporting documents to Felton. In March 2007, GLeS, Inc. assigned all its right, title and interest in the Lease and supporting documents to GPM. References made herein to the landlord in the Lease shall be to GPM and Tenant to Felton.

2.  Pursuant to the Lease, Felton agreed to be the Tenant to that certain station described therein. The Lease has a 37-month term, commencing in December 2004 and expiring on December 31, 2007, during which Felton is to pay a Base Rent, as set forth in paragraph 3 of the Lease. Lease at ¶¶ 2, 3.

3.  On September 5, 2007, GPM proposed to Felton that they establish a new lease for the Premises after the expiration date of the Lease for an additional three year term beginning on January 1, 2008 and ending on December 31, 2010 at an annual rent of $200,000.00. See Exhibit "D" to Plaintiff's Complaint.

4.  Felton did not agree to the changed terms of the franchise relationship with GPM. Thus, on September 27, 2007, GPM informed Felton that its franchise would not be renewed after the expiration date of the Lease – December 31, 2007. See Exhibit "G" to Plaintiff's Complaint.

5.  GPM's notice of non-renewal is sufficient notice under Section 2804 of the PMPA that the parties failed to agree to the changes or additions to the provisions of the franchise.

6.  On November 30, 2007, GPM informed Felton that due to the pending action, GPM would not enforce the non-renewal of Felton's franchise until February 1, 2007.

7.  Paragraph 13 of the Lease provides in pertinent part:

> Upon the expiration, termination, or non-renewal of this Lease, Lessee [Felton] shall yield up and return to Lessor [GPM] the Leased Properties in as good condition as when received by Lessee, ordinary wear and tear excepted, and shall remove all Lessee's personal property, inventory and equipment from the Leased Properties.

Lease at ¶ 13.

8.  GPM also has the right to collect from Felton any attorneys' fees incurred by GPM to recover the rent. Lease at ¶ 41.

## COUNT ONE
### Possession

9.  Plaintiff repeats and incorporates herein by reference paragraphs 1 through 7 of the Counterclaims above.

10. Pursuant to paragraph 2 of the Lease, GPM is entitled to take possession of the Premises on January 1, 2008. GPM has agreed to not enforce the non-renewal of Felton's franchise for an initial 31-day period in order for a preliminary injunction hearing to be heard and decided. Thus, GPM is entitled to take possession of the Premises on February 1, 2008.

## COUNT TWO
### Reasonable Attorneys' & Expert Witness Fees

11. Plaintiff repeats and incorporates herein by reference paragraphs 1 through 10 of the Counterclaims above.

12. Felton cannot show there is a sufficiently serious question as to whether GPM is not renewing Felton's franchise in a manner that is not in good faith, in the normal course of business, and for the purpose of converting the Premises to operation by employees or agents of GPM.

13. Section 2805(d)(3) of the PMPA permits the Court to grant an award to GPM of its reasonable attorneys' and expert fees to be paid by Felton if the prosecution of its action is frivolous.

14. Plaintiff has offered no evidence to rebut GPM's stated reasons for terminating Plaintiff's franchise, and, thus, its prosecution of this action is frivolous.

15. Thus, GPM is entitled to be reimbursed for its reasonable attorneys' and expert witness fees from Felton.

**WHEREFORE,** GPM respectfully requests that judgment be entered in its favor and against Felton granting to GPM possession on February 1, 2008, denying Felton the relief it requested in its complaint, and awarding GPM the costs of this litigation including reasonable attorneys' fees and such other relief as the Court deems just and proper.

| | |
|---|---|
| OF COUNSEL | Michael R. Robinson (DE Bar No. 4452)<br>SAUL EWING LLP |
| Brian T. Guthrie<br>Melissa Hill<br>SAUL EWING LLP<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7777 (phone)<br>(215) 972-7725 (fax)<br>bguthrie@saul.com<br>mhill@saul.com | 222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, Delaware 19801-1611<br>(302) 421-6800 (phone)<br>(302) 421-6813 (fax)<br>mrobinson@saul.com<br><br>Counsel for Defendant<br>GPM Investments, L.L.C. |

Dated: December 10, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| FELTON PETROLEUM, INC., a Delaware corporation, | : <br> : <br> : |
| Plaintiff, | :     C.A. No. 07-00760-JJF |
| v. | : <br> : |
| GPM INVESTMENTS, L.L.C., a Delaware limited liabilty company, | : <br> : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Michael R. Robinson, hereby certify that on this 10th day of December, 2007, I caused a true and correct copy of the foregoing Answer and Counterclaims of Defendant GPM Investments, L.L.C. to be served electronically via CM/ECF system upon the following counsel of record:

David B. Snyder, Esq.
PRICKETT, JONES & ELLIOTT, P.A.
11 North State Street
Dover, DE 19901

_/s/ Michael R. Robinson_
Michael R. Robinson (DE Bar No. 4452)
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19801-1611
(302) 421-6800 (phone)
(302) 421-6813 (fax)
mrobinson@saul.com

*Counsel for Defendant GPM Investments, L.L.C.*