IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FELTON PETROLEUM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GPM INVESTMENTS, L.L.C., a Delaware limited liability company,<br><br>Defendant. | Civil Action No.: 07-00760-JJF<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Felton Petroleum, Inc., by and through its undersigned counsel, hereby answers the allegations of the Counterclaim filed by the Defendant in the above-captioned action as follows:

1. Plaintiff is without sufficient knowledge or information to admit or deny the whether "[i]n March 2007, GLeS, Inc. assigned all its right, title and interest in the Lease and supporting documents to GPM." The remainder of the allegations of this paragraph are admitted.

2. Admitted.

3. Admitted.

4. Denied that Plaintiff had refused to agree to the terms on September 27, 2007. The remaining allegations of this paragraph are admitted.

5. The allegations of Paragraph 5 call for legal conclusions, to which no response is required, and therefore, the allegations of this paragraph are denied.

6. Admitted.

7. Admitted.

8.    The allegations of Paragraph 8 relate to the terms of the Lease, which speaks for itself.  Admitted that the Lease provides for the recovery of attorneys' fees under certain circumstances.  The remaining allegations of this paragraph are denied.

## COUNT ONE
### Possession

9.    Plaintiff repeats and realleges its responses to the allegations set forth in paragraphs 1 through 8 above as though each such response were fully restated herein.

10.   Denied that Defendant is entitled to take possession of the Premises on January 1, 2008 or February 1, 2008.  The remaining allegations of this paragraph are admitted.

## COUNT TWO
### Reasonable Attorneys' & Expert Witness Fees

11.   Plaintiff repeats and realleges its responses to the allegations set forth in paragraphs 1 through 10 above as though each such response were fully restated herein.

12.   Denied.

13.   The allegations of Paragraph 13 call for legal conclusions, to which no response is required, and therefore, the allegations of this paragraph are denied.

14.   Denied.

15.   Denied.

### FIRST AFFIRMATIVE DEFENSE

The Defendants' Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Defendants' Counterclaim to the extent it seeks summary possession of the Premises.

## THIRD AFFIRMATIVE DEFENSE

The Defendants' Counterclaim is barred by the equitable doctrines of unclean hands, waiver and estoppel.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court dismiss Defendant's Counterclaim with prejudice, grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff its costs, reasonable attorney's fees, and such other and further relief as this Court may deem equitable and just.

PRICKETT, JONES & ELLIOTT, P.A.

_/s/ D. Benjamin Snyder_
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No. 4038)
Kevin M. Baird (DE Bar No. 4219)
11 North State Street
Dover, Delaware 19901
(302) 674-3841
*Attorneys for the Plaintiff*

Dated: December 17, 2007

## CERTIFICATE OF SERVICE

I, D. Benjamin Snyder, Esquire, hereby certify that on December 18, 2007, I caused a copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM** to be served upon the following parties in the manner indicated.

### VIA E-MAIL

Michael R. Robinson, Esquire
Mrobinson@saul.com
Saul Ewing, LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899-1266

/s/ D. Benjamin Snyder
D. Benjamin Snyder (#4038)
dbsnyder@prickett.com